## Meigan *against* M'Donough.

An executor *de son tort,* being liable to the legal representative for all beyond rightful payments by retainer or disbursement, is not entitled to recover from one who afterwards administers the amount of a note which he and another had previously given as part of the assets of the estate. His right to it, as administrator, may be set up in bar of such action, although sued with another to whom that defence does not apply.

WRIT of error to the common pleas of *Allegheny* county.

This was an action of debt by Rebecca M'Donough against Arthur Meigan and Ambrose Shaeffer, which originated before a justice and came into court by appeal. It was founded upon a note for 70 dollars given by the defendants to the plaintiff. The facts of the case were as follows:

Hugh M'Donough, the husband of the plaintiff, died in 1833, leaving personal property, which remained in the possession of the plaintiff until 1836, when she made a vendue of it, and sold part of the same to Arthur Meigan to the amount of 70 dollars, for which he gave the note in question, with Ambrose Shaeffer as his surety. On the 11th September 1837, letters of administration upon the estate of Hugh M'Donough were issued in due legal form to Thomas M'Donough and Arthur Meigan, one of the defendants. The defence therefore was, that the money sued for was part of the assets of the estate of Hugh M'Donough, deceased, and could not be recovered out of the hands of his rightful administrator. To this the plaintiff replied, that as the widow of the intestate, she would be entitled to administration upon her husband's estate, and

[Meigan v. M'Donough.]

that the defendants took out letters for the fraudulent purpose of avoiding the payment of this debt.

The court below was of opinion that the defence was not available, and directed the jury to find for the plaintiff, and the verdict and judgment were so rendered.

*Burke,* for plaintiff in error, cited 20 *Johns.* 203; 2 *Dall.* 91; 3 *Yeates* 531; 1 *Johns.* 274; 3 *Penns. Rep.* 129; 2 *Kent.* 623—632.

*M'Clure* and *M'Candless,* for defendant in error, cited 3 *Bac. Ab.* 35; 2 *Saund. Pl. and Ev.* 13; 9 *Petersdorff Ab.* 458.

PER CURIAM.—When the plaintiff sold the property, she was an executrix of her own wrong; and the principal defendant has since become the decedent's administrator. Which of them is now entitled to the proceeds of the property for payment or distribution? An executor *de son tort* is liable to the rightful representative for all beyond rightful payments by retainer or disbursement. No claim for any such payment has been urged here; and the consequence that the administrator would be at liberty, the moment after the money secured by the obligation were recovered, to sue the plaintiff in a representative character to recover it back, is decisive of the question. Then, to avoid a circuity so preposterous, the administrator must be allowed to set off, in this action, what would be coming to him in his representative character; or, to escape any incongruity on that head, to set up the plaintiff's liability as an equitable defence; for she would certainly be enjoined by a chancellor, relief not being attainable by a set-off at law. Again—had he paid the money before he became administrator, he would have been entitled, as administrator, to recover it back in assumpsit for so much had and received on a consideration which happened to fail. A voluntary payment of it, after administration granted to him, would be taken for a gift of so much; which clearly shows that the money sought to be recovered, belongs to the administrator, and not to the plaintiff, and that his right to it may be set up in bar of her action.

Judgment reversed.